**ARACELI GONZALEZ, et al. v. DEUTSCHE BANK
NATIONAL TRUST COMPANY, et al.**

**Case No. _____**

**INDEX OF EXHIBITS TO
DEFENDANTS' NOTICE OF REMOVAL**

| <u>Exhibit</u> | <u>Description</u> |
|---|---|
| A | Maricopa County Superior Court Record in Case No. CV2014-002551: |
| | Summons |
| | Complaint |
| B | Notice of Removal Filed in Maricopa County Superior Court |

755998.1\0314802

# EXHIBIT A

Print Form

2/4/14 *al* SPL
Gonzalez (AZ)

RECONTRUST LEGAL
RECEIVED

FEB 04 2014

09-0150135
14490429
In Person
SP3-13-14

Name of Person Filing: Mario E Gonzalez
Your Address: 7931 W Pomo St
Your City, State, Zip Code: Phoenix AZ85043
Your Telephone Number: (623) 606-6974
Attorney Bar Number (if applicable): _____
Representing ☑ Self (Without an Attorney) or ☐ Plaintiff or ☐ Defendant

If you would like legal advice from a lawyer
contact the Lawyer Referral Service at
602-257-4434
or
www.lawyerfindersaz.com
Sponsored by the
Maricopa County Bar Association

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

Araceli Gonzalez and MarioE Gonzalez
**Name of Plaintiff**

Case No.: **CV2014-002551**

DEUTSCHE BANK NATIONAL TRUST COMPANY,
NATIONSTAR MORTGAGE LLC;
RECONTRUST COMPANY NA ; SELECT PORTFOLIO S.
**Name of Defendant**

**SUMMONS**

WARNING: This is an official document from the court that affects your rights. Read this carefully.
If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO**

DEUTSCHE BANK NATIONAL TRUST COMPANY,
NATIONSTAR MORTGAGE LLC;
RECONTRUST COMPANY NA ; SELECT PORTFOLIO Service
**Name of Defendant**

1.    A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served
     on you with this "Summons".

2.    If you do not want a judgment or order taken against you without your input, you must file an
     "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file an
     "Answer" or "Response" the other party may be given the relief requested in his/her Petition or
     Complaint. To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to
     the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona
     85003-2205 or the Office of the Clerk of the Superior Court, 222 East Javelina Drive, Mesa,
     Arizona 85210-6201 or Office of the Clerk of Superior Court, 14264 W. Tierra Buena Lane,
     Surprise, Arizona 85374. Mail a copy of your "Response" or "Answer" to the other party at the
     address listed on the top of this Summons.

3.    If this "Summons" and the other court papers were served on you by a registered process
     server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed
     within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day
     you were served. If this "Summons" and the other papers were served on you by a registered
     process server or the Sheriff outside the State of Arizona, your Response must be filed within
     THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were
     served. Service by a registered process server or the Sheriff is complete when made. Service
     by Publication is complete thirty (30) days after the date of the first publication.

4.    You can get a copy of the court papers filed in this case from the Plaintiff/Attorney listed at the
     address at the top of this paper, or from the Clerk of the Superior Court's Customer Service
     Center at 601 W. Jackson, Phoenix, Arizona 85003 or at 222 E. Javelina Drive, Mesa, Arizona
     85210.

Form #210  LRD 03/23/2004  ALL RIGHTS RESERVED
© Clerk of Superior Court of Arizona in Maricopa County

5.     Requests for reasonable accommodation for persons with disabilities must be made to the
       office of the judge or commissioner assigned to the case, at least five (5) days before your
       scheduled court date.

SIGNED AND SEALED this date

MICHAEL K. JEANES, CLERK OF COURT

COPY

By_____
         Deputy Clerk

JAN 3 1 2014

MICHAEL K. JEANES, CLERK
N. MARRUFFO
DEPUTY CLERK

Page 2 of 2

Form #210  LRD 03/23/2004  ALL RIGHTS RESERVED
© Clerk of Superior Court of Arizona in Maricopa County

**COPY**

Araceli Gonzalez and Mario E Gonzalez
7931 W Pomo St.
Phoenix, Arizona [85043]
623-606-6974

JAN 3 1 2014

MICHAEL K. JEANES, CLERK
N. MARRUFFO
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR MARICOPA COUNTY

| Araceli Gonzalez and Mario E Gonzalez | Case No. | CV2014-002551 |
| --- | --- | --- |

Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE ON BEHALF OF
HSI Asset Securitization Corporation Trust
2006-HE1,

NATIONSTAR MORTGAGE LLC; and all
Other Current true parties in interest as may
Be Determined;

RECONTRUST COMPANY NA;

SELECT PORTFOLIO SERVICING INC;.

Defendants

COMPLAINT FOR INJUNCTIVE RELIEF,
DAMAGES AND OTHER RELIEF

The Plaintiffs, Araceli Gonzalez and Mario E Gonzalez, herein after "Plaintiff", comes now and files this their COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES AND OTHER RELIEF, against DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 ET AL, as follows, to wit:

NOTICE TO THE COURT: Use of all codes, laws and/or rules of procedure cite herein that may not be or represent law duly passed by the legislature of Arizona, th state of the constitutional republic, United States of America; that government direct created through the sovereign electors on Arizona; and/or that may not be or

1

represent law enacted by that legislature acting in its jurisdiction over Arizona, the state of the republic and in its jurisdiction over its state citizens domiciled on the land thereon, is only used here to notice the Defendant(s) of that which is applicable to them and is not intended to be construed by this Court as an act of the Plaintiff granting jurisdiction of such law over him/them, nor to be understood by the Court to mean that Plaintiff, the living soul, confers, submits to, or has knowingly and intentionally entered into any such other jurisdiction alluded to thereby.

As grounds for relief requested, Plaintiffs would show unto the Court the following:

PLAINTIFFS, *Araceli Gonzalez and Mario E Gonzalez*, are an adult man and woman domiciled on 7931 W. Pomo St. Phoenix, Arizona, state of the republic, and is in possession of property on the land near 7931 W. Pomo St., Phoenix community, Arizona, state of the republic.

DEFENDANT, DEUTSCHE BANK NATIONAL TRUST COMPANY is a national banking corporation allegedly organized and existing under the laws of the United States, acting in behalf of the holder of the loan   HSI Asset Securitization Corporation Trust 2006-HE1. DEFENDANT, HSI Asset Securitization Corporation Trust 2006-HE1, is a trust entity also known as a Special Purpose Vehicle **and** holder of the loan under a master pooling and servicing agreement dated October 1, 2006.

DEFENDANT, NATIONSTAR MORTGAGE LLC is the alleged current successor in interest in the loan that is subject of this dispute.

DEFENDANT, RECONTRUST COMPANY NA is the trustee of record to the deed of trust being enforced under this loan contract.

DEFENDANT, SELECT PORTFOLIO SERVICING INC upon best belief and knowledge is the servicer of the loan

## FIRST CAUSE OF ACTION

## FOR INJUNCTIVE RELIEF AGAINST MISTAKEN AND ERRONEOUS FORECLOS

AGAINST ALL DEFENDANTS

2

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 's or, NATIONSTAR MORTGAGE LLC's actions in enforcement of contract against Plaintiff's property is a MISTAKEN AND ERRONEOUS act jeopardizing the title and possession of the Plaintiff to their property that is the subject of this dispute in that the Defendants lack **valid title of ownership of this loan TO ENFORCE THE RIGHTS OF CONTRACT in this case.**

On **October 5, 2009** MERS acting as nominee for the original lender assgned interests in this loan to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1.

Thereafter it is identified in public record, and affirmed and represented in Assignment of Deed of Trust exhibit AM and other official documents that on **June 6, 2011** further assignment of these interests was attempted to be made by DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 to BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP. However, this was executed by BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, supposedly acting as attorney in fact for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1. The record shows a corrective assignment was executed on **November 2, 2011** between the same parties directly by DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 supposedly acting for itself.

On **January 16, 2013** assignment of these interests was again attempted to be executed by BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP back to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 as the present actual holder of the loan contract and with the power to exercise foreclosure in its name in this contract.

Then on **August 29, 2013** MERS, acting as nominee for the original lender's successor DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 has now attemptted to assgned

interests in this loan to DEFENDANT, NATIONSTAR MORTGAGE LLC.  Exhibit AS3, even though Plaintiff has received a letter from SELECT PORTFOLIO SERVICING INC of **December 23, 2013** advising him the lien holder on this account is still DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 therefore there is conflicting documentation as to who owns the loan and in whose interests the foreclosure is scheduled to be held **March 13, 2014** as indicated in the attached Notice of Trustee's Sale, exhibit TS, herein attached.

Reports of the Securities and Exchange Commission on official Securities and Exchange Commission website http://www.secinfo.com/d1Z7kr.u192.htm shows the **State of New York is the state of its creation under the law**.

Plaintiff has obtained official documentation from the Secretary of State of New **York** showing that no corporation, trust, or other legal entity by either of those or any similar name exists or has been chartered, incorporated or otherwise legally created in the State of **New York** for which a Trustee may be acting. This documentation by these authorities will be provided to the Court at time of hearing.

Pursuant to Arizona law, any legally recognized "person" can be a holder in due course of such debt instruments in Arizona.

AZ Code 47-**1201** 20) "Holder" with respect to a negotiable instrument means the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession.

A "person" is defined at: AZ Code 47- **1201** (30) "Person" includes an individual or an organization (see Section 1-102).

However after diligent inquiry to the Secretary of State of New York these authorities fail to identify that any such legal entity **by that name or any similar name exists or has been chartered and incorporated or otherwise created under the laws of the State of New York**.

4

**The assignment or sale of the debt instruments to such an entity that does not exist possessing legal personhood under the laws of some state or the federal government to own such instruments is invalid and therefore did convey no rights of ownership of the assigned Deed of Trust to Defendant to support any action by a trustee in its behalf under the laws of Arizona.**

**Defendant lacks legal status as a proper person under the laws of New York or Arizona TO ENFORCE THE RIGHTS OF CONTRACT in this case** and foreclosure against Plaintiff's property by Defendants is an illegal act jeopardizing the title and possession of the Plaintiff to their property that is the subject of this dispute and the sale should be enjoined and Defendant should be enjoined from such action.

Further, examination of certain facts and documentation shows DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 was overseeing a **dormant, dissolved, or unregistered** HSI Asset Securitization Corporation Trust 2006-HE1.

The official website of the Securities and Exchange Commission **http://www.secinfo.com/d1Z7kr.ut2.htm,** reveals that on January 26, 2007 HSI Asset Securitization Corporation Trust 2006-HE1 filed a **Form 15-D** with the **Securities And Exchange Commission** (SEC), notifying all parties of its Termination Of Registration and Suspension of its duty to file reports under the **Securities And Exchange Act of 1934 (15 U.S.C.A. Sub Section 77a et. seq., 78a et. seq.)**. (See exhibit 15-D, copy of that online document attached), indicating that as of that date, now almost 6 years ago, the approximate number of holders of record as of the certification or notice date was Less than 300. Due to this filing by HSI Asset Securitization Corporation Trust 2006-HE1 no more reports or filing s have been required by the SEC since that date.

Further, upon diligent search and inquiry Plaintiff finds there are no investment brokers dealing in mortgage backed securities who are able to determine if this asset trust is still offering certificates to the public for investment or who themselves are able to offer such certificates of investment on HSI Asset Securitization Corporation Trust 2006-HE1 and

has no knowledge of facts to the contrary that HSI Asset Securitization Corporation Trust 2006-HE1 is in fact a **dormant legal entity if not presently dissolved and here demands of the Defendant,** BAC Home Loans Servicing, LLP, strict proof of any such claims to the contrary.

Further, If HSI Asset Securitization Corporation Trust 2006-HE1 is NOT presently **dormant or dissolved,** as indicated above by the filing of a **Form 15-D herein cited,** HSI Asset Securitization Corporation Trust 2006-HE1 has terminated its registration, and suspended its duty to file reports under the **SEC Act of 1934,** and it is no longer a registered company and the remaining securities within it if is not **dormant or dissolved,** are **unregistered securities, the sale of which to the public of such unregistered securities is illegal,** and a violation of the **INVESTMENT COMPANY ACT OF 1940, See Section 7, under TRANSACTIONS BY UNREGISTERED INVESTMENT COMPANIES.**

This is further evidence DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 is overseeing a **dormant and/or dissolved,** HSI Asset Securitization Corporation Trust 2006-HE1 or it is overseeing the sale or trading of **unregistered securities through its** HSI Asset Securitization Corporation Trust 2006-HE1 which is **illegal,** and a violation of the **INVESTMENT COMPANY ACT OF 1940, See Section 7, under TRANSACTIONS BY UNREGISTERED INVESTMENT COMPANIES and is itself in violation of federal law** if it were to claim HSI Asset Securitization Corporation Trust 2006-HE1 is **NOT dormant or dissolved.**

**Premises considered,** these facts are prima facie evidence DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 was overseeing a **dormant and/or dissolved,** HSI Asset Securitization Corporation Trust 2006-HE1 when they made and received back assignment of interest in this loan on the multiple occasions such assignments have taken place **and Plaintiff here demands of the Defendant,** DEUTSCHE BANK

NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1, BAC Home Loans Servicing, LLP, strict proof of any claim to the contrary.

**On these grounds of invalid assignment to the Defendant** Plaintiff **moves for injunction against action in foreclosure by** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1. Assignment of interests cannot be made in behalf of a **party in interest that is legally dormant or dissolved or has never been legally created under the law and can not be an in personam holder of these debt instruments.**

**A trustee of a deed of trust cannot act for a party in interest that has not received valid assignment of interests in the deed of trust** in question *to support any action in its behalf under the laws of Arizona.*

Again, Pursuant to the Uniform Commercial Code and Arizona law, any legally recognized "person" can be a holder in due course of such debt instruments in Arizona. AZ Code 47-1201 "**Holder**" means: (A) the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession; or (B) the person *in possession of a* document of title if the goods are deliverable either to bearer or to the order of the person in possession.

A "person" is defined there as: AZ Code 47-1201, "**Person**" means an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency, or instrumentality, *public corporation, or any other legal or commercial entity.*

**The assignment or sale of the debt instruments to such an entity that was legally dormant or dissolved or never legally created under the law and can not be an in personam holder to own such instruments and can convey no rights of contract to support any action in its behalf under the laws of Arizona and Plaintiff moves for** *injunction against foreclosure* **of this trust deed by** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1.

*1*

**Defendant should be enjoined against any such foreclosure action against Plaintiff's property in its name.**

Further, Attached is a Memorandum of law of the United States Trustee in support of sanctions against JP Morgan Chase Bank, National Association. This Memorandum is a brief concerning a bankruptcy case that involved Chase, Long Beach Mortgage, Long Beach Mortgage Loan Trust 2006-2, Long Beach securities, WaMu, Deutsche Bank and Lender Processing Service (LPS). (Exhibit MS). In further support there is submitted articles from publication in Fraud Digest by competent authorities in the field of bank fraud (exhibit FD). And a redacted affidavit from one of the cases referenced and other affidavits (exhibit AR), all from Lynn E. Syzmoniak, Certified Fraud Examiner and Expert Witness for the Federal Government in Insurance Regulatory and Fraud Matters in the action for sanctions in the cases referenced and in U.S. v. Michael Zapetis, et al., 8:2006cr00026, Middle District of Florida; U.S. v. Thomas D. King, 3:2006cr00212, Middle District of Florida; U.S. v. Donald E. Touchet, Richard E. Standridge and Robert J. Jennings, 3:2007cr00090, Middle District of Florida, 2008 WL 111306M; affirmed, United States v. Jennings, Case No. 08-13434 (11th Cir. Jan. 5, 2010) The People of the State of California v. Mitchell Zogob, Orange County, California; U.S. v. James Kernan, 5:2008cr00061, Northern District of New York.

According to the authorities therein cited in the affidavits and memoranda, In tens of thousands of foreclosure cases filed by trustees for a mortgage-backed trust, the trustee for the Asset Trust has used specially prepared Mortgage Assignments to show that they have the right to foreclose.

These documented authorities spell out in the cases referenced the same thing the facts show to have happened in this case.

As noted above, Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 is identified in public record, and further affirmed and represented in Assignment of Deed of Trust exhibit AM and other official documents as actual holder of the loan contract and with the power to exercise foreclosure in its name in this contract.

As noted above, on **October 5, 2009** MERS acting as nominee for the original lender assgned interests in this loan to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1.

Thereafter on **June 6, 2011** further assignment of these interests was attempted to be made by DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 to BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP. However, this was executed by BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, supposedly acting as attorney in fact for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1. The record shows a corrective assignment was executed on **November 2, 2011** between the same parties directly by DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 supposedly acting for itself.

Finally on **January 16, 2013** assignment of these interests was again attempted to be executed by BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP back to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 as the present actual holder of the loan contract and with the power to exercise foreclosure in its name in this contract.

Regarding the first assignment from the original lender to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1, executed October 5, 2009, according to MS Syzmoniak, if a loan was put into a trust with a closing date in the pooling and servicing agreement in 2006, (according to the Trust's Prospectus here in cited, **October 1, 2006**) or if the trust indentures show that it was suppose to be put in that trust and follow a chain of ownership until it ended up in that trust by a certain date according to the Trust's Prospectus here in cited http://www.secinfo.com/d12TC3.v1C5u.htm (closing date of the trust **October 1, 2006**), any assignments after that closing date it is actually an Assignment specially, and in many cases, fraudulently, made to facilitate foreclosures.

As she states, In all of these thousands of cases, no Assignment actually took place on the date stated and no consideration was paid by the grantee to the grantor despite the representations in the Assignments. Most significantly, no disclosure was ever made to the Court in the foreclosure or bankruptcy case or to the homeowners in default that the original Assignments to the Trust were never made or were defective and that the recently-filed Assignments were **specially made to facilitate foreclosures years after the property was already transferred if in fact it had been.**

As she states in these articles, In the rush to securitize residential mortgages, many securities companies did not secure the essential paperwork. In particular, many trusts have missing Mortgage Assignments. This is true even though the trust documents set forth plainly that such Assignments shall have been delivered to the Trust by the loan originators by a set closing date.

According to these authorities, (the originator) should have delivered a signed and dated Assignment to the Trust Depositor, which ultimately should have resulted in delivery of a signed and dated Assignment to the trustee, **in 2006.**

According to these authorities, and as may be found in the prospectus and other official governing documents for these investment vehicles, upon examination, such Mortgage-backed trust contains very specific provisions regarding conveyances of mortgages, notes and Assignments and most often even include the form that each document custodian must sign attesting to the delivery and acceptance of such documents.

**Further, according to these authorities herein cited, Mortgage-backed trusts are not allowed under their own rules to acquire non-performing loans after the closing date of the trust and add such loans to the trust because of significant additional tax liability to the trust if it adds properties in violation of its own documents. These rules are in place to protect the investors in the trust.**

In addition, Mortgage Backed Securities Trusts do not acquire loans after the closing date of the trust because **they are prohibited from doing so under the Internal Revenue**

1  **Code**, as evidenced by a 100% penalty tax on such prohibited transactions.

2  According to these authorities and as confirmed under the very strict rules of its operation

3  to protect the investors as found in the prospectus and other official governing documents

4  for this investment vehicle, (as found on the self authenticating official Securities and

5  Exchange Commission website, http://www.secinfo.com/d12TC3.v1C5u.htm) where

6  either the Mortgage Backed Securities Trust lacked title to the mortgage, **or shows**

7  **assignment to it after the start-up period**, the REMIC requirements for a static pool of

8  qualified mortgages were breached. The notes were not "qualified mortgages" under IRC

9  §860G and the Mortgage Backed Securities Trust received income from borrowers NOT

10  attributable to a qualified mortgage or permitted investment. And under IRC §860F, the

11  Mortgage Backed Securities Trust will owe **a 100% penalty tax.** Pursuant to IRC §860G,

12  all assignments to the Mortgage Backed Securities Trust after the REMIC start-up period

13  are subject to a 100% penalty tax.

14  Further, pursuant to IRC§ 61, all the payments made from borrowers to the Mortgage

15  Backed Securities Trust in relation to notes and mortgage loans not so protected by

16  assignment to the Mortgage Backed Securities Trust *prior the REMIC start-up period*

17  represent gross income and are subject to federal income taxes.

18  **Again, As a consequence, according to Ms. Syzmoniak, if a loan was put into a**

19  **trust with a closing date in the pooling and servicing agreement in 2006 or if the**

20  **trust indentures show that it was suppose to be put in that trust and follow a chain**

21  **of ownership until it ended up in that trust by a certain date (closing date of the**

22  **trust October 1, 2006) as the documentation cited indicates to be the case in the**

23  **assignment of this loan, any assignments after that closing date is actually an**

24  **Assignment specially, or fraudulently made after the fact to legitimize a chain of**

25  **title to facilitate foreclosure.**

26  As a consequence of these facts affirmed, this will be prima facie evidence the

27  **assignment to this claimed holder of rights to this contract was invalid if not**

28  **fraudulent or illegal. Or that No Assignment actually took place on the date stated and**

no consideration was paid by the grantee to the grantor despite the representations in the

Assignments and that the recently-filed Assignments were **specially made to facilitate foreclosures years after the fact. And as a consequence all subsequent assignments attempted to be executed BY** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 **or attempted to be executed TO** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 as the present assignment of **January 13, 2013 are likewise invalid and have conveyed no rights to the Defendant to act in enforcement of this mortgage.**

**The record in this case shows this.** The Debt instruments of this contract were not assigned the first time or subsequently to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 by the then present holder, until after the closing date **of October 1, 2006.** For the REMIC start-up period and of the Pooling and Servicing Agreement, **as confirmed in the prospectus for this investment vehicle, having been made on October 10, 2009, over 3 years after the closing of the asset trust in 2006, see exhibit AM1 attached.** Therefore, based on the documentation and expert testimony of these authorities in other cases herein cited, with the documents in this case, **this is prima facie evidence that the assignment of the mortgage in dispute to** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 **to enforce the rights of contract in this mortgage was invalid and therefore its subsequent assignment to others and back to the Defendant** was invalid and there is **no valid ownership of borrower's loan whatever on which Defendant's claims rest and on this basis this Defendant should be enjoined from such enforcement in its name.**

Pursuant to these facts foreclosure against Plaintiff's property by Defendant is a mistaken and erroneous act jeopardizing the title and possession of the Plaintiff to their property that is the subject of this dispute and Defendant should be enjoined from such action.

Further, The record of assignment shows **Robert White acting as an Assistant Secretary of MERS, beneficiary under the deed of trust,** executed the assignment from the original lender to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS

TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1, **October 5, 2009**, (see exhibit AM and other official documents citing Defendant as actual holder of the loan contract and with the *power to exercise foreclosure in its name in this contract.*)

The MERS certifying Handbook, **exhibit MH** herein attached, which may be obtained through one of MERS' self-authenticating websites or from other authoritative sources, specifically demonstrates in the sample Corporate resolution found therein that a candidate, to be an *assistant secretary or vice presidents* of MERS, and as such, authorized to make assignments in its behalf, **must be certified in the MERS resolution to act for MERS in behalf of this company, to:**

"(1) release the lien of any mortgage loan registered on the MERS System that is **shown to be registered to the Member;**

(2) assign the lien of any mortgage loan naming MERS as the mortgagee **when the Member is also the current promissory note-holder, or if the mortgage loan is registered on the MERS System, is shown to be registered to the Member;"**

According to the *MERS certifying Handbook,* for **Robert White** to make a valid legal assignment of this trust deed to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1, he had to have a *Corporate Resolution* issued by MERS for AMERICA'S WHOLESALE LENDER or its successors and assigns certifying **Robert White** as an officer of that entity and authorizing him to act for MERS in their behalf.

Plaintiff alleges that **Robert White has no such MERS corporate resolution for himself** authorizing him to execute assignment of this trust deed **in behalf of MERS** or AMERICA'S WHOLESALE LENDER., or its successors, **and alleges he had no such authority to assign this deed of trust to** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 to start with which, for this reason alone, has invalidated not only this original assignment but all subsequent chain of assignments that have now led Defendant again

13

to be the current alleged holder of rights to enforce this contract which have never yet legally been assigned.

Further, even if the above were not so, this chain of assignments contains numerous other invalid executions anyone of which would invalidate the Defendant's present claims to the rights to foreclose if none of the rest were present.

On June 6, 2011 Plaintiff asserts an invalid assignment of mortgage was also made by the lender's alleged successor, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1. The record of assignment shows **David M. Gregory acting as an Assistant Vice President of** BAC Home Loans Servicing, LLP, **acting for** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1, executed the assignment from DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1, **attempting to assign the rights to enforce this contract in foreclosure TO** BAC Home Loans Servicing, LLP (see exhibit AM and other official documents citing BAC Home Loans Servicing, LLP as actual holder of the loan contract at that time) which invalid assignment to BAC Home Loans Servicing, LLP, acts to further void any rights granted the Defendants and current alleged holder of rights to enforce this contract.

After diligent search and inquiry with authoritative personnel of those acting for BAC Home Loans Servicing, LLP, Plaintiff has found no employee relationship of **David M. Gregory** to have existed with BAC Home Loans Servicing, LLP at the time the assignment was supposedly effective as of June 6, 2011) and alleges here that none existed.

For **David M. Gregory** to execute a valid legal assignment of this trust deed to BAC Home Loans Servicing, LLP **he had** to be **an officer of the party for whom he was acting at that time:** BAC Home Loans Servicing, LLP acting for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1.

And **because he was not such an officer of BAC** Home Loans Servicing, LLP and as such, **was not** authorized to make assignments of this trust deed **such invalid**

14

**assignment acts to void** and invalidate the Defendant's present claims to the rights to foreclose **and its claim** as current alleged holder of rights to enforce this contract *under these instruments which have not yet legally been assigned.*

As this assignment to Defendants was invalid and by a person who had no power to execute it, it was void and can convey no rights, title or power to the Defendant, BAC Home Loans Servicing, LLP as current alleged holder of rights to enforce this contract under these instruments which have not yet legally been assigned.

On November 2, 2011 Plaintiff further asserts another invalid assignment of mortgage was also made by the lender's alleged successor, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1. The record of assignment shows **Paul H. Webb, acting as an Assistant Vice President of** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1, executed this additional  assignment from DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1, again **attempting to assign this contract to** BAC Home Loans Servicing, LLP (see exhibit AM and other official documents citing  BAC Home Loans Servicing, LLP as actual holder of the loan contract at that time) which invalid assignment to BAC Home Loans Servicing, LLP, acts to further void any rights later granted again to  the Defendant and current alleged holder of rights to enforce this contract.

After diligent search and inquiry Plaintiff has found no employee relationship of **Paul H. Webb to** have existed with DEUTSCHE BANK NATIONAL TRUST COMPANY at the time the assignment was supposedly effective as of November 2, 2011) and alleges here that none existed.

For **Paul H. Webb to** execute a valid legal assignment of this trust deed to BAC Home Loans

Servicing, LLP **he had** to be **an officer of the party for whom he was acting at that time:** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1.

And **because he was not such an officer of** DEUTSCHE BANK NATIONAL TRUST

COMPANY and as such, **was not** authorized to make assignments of this trust deed **such Invalid assignment further acts to void** and invalidate the chain of assignment the Defendant's present claims rely on for the rights to foreclose **and its claim** as current alleged holder of rights to enforce this contract *under these instruments which have not yet legally been assigned.*

Finally, on **August 29, 2013** MERS,  acting as nominee for the original lender's successor DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1 again attempted to *assign interests in the loan.* This time to NATIONSTAR MORTGAGE LLC.

The record of assignment shows **Deanna Lara acting as an Assistant Secretary of MERS,** executed the assignment for MERS acting in behalf of  DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1, to NATIONSTAR  MORTGAGE LLC  (see exhibit AS3 citing Defendant NATIONSTAR  MORTGAGE LLC  *as actual holder of the loan contract and with the supposed power to exercise foreclosure in its name in this  contract.*)

The MERS certifying *Handbook,* **exhibit MH** herein attached, which may be obtained through one of MERS' self-authenticating websites or from other authoritative sources, specifically demonstrates in the sample Corporate resolution found therein *that a candidate, to be an* assistant secretary or vice presidents of MERS, and as such, authorized to make assignments in its behalf,__ must be certified in the MERS resolution to act for MERS in behalf of this company, to:__

"(1) release the lien of any mortgage loan registered on the MERS System that is **shown to be registered to the Member;**

(3) assign the lien of any mortgage loan *naming* MERS as the mortgagee **when the Member is also the current promissory note-holder, or if the mortgage loan is registered on the MERS System, is shown to be registered to the Member;"**

According to the MERS certifying Handbook, for **Deanna Lara**   to make a valid legal assignment of this trust deed to NATIONSTAR MORTGAGE LLC, she had to have a Corporate Resolution issued by MERS for DEUTSCHE BANK NATIONAL TRUST

COMPANY certifying **Deanna Lara** as an officer of that entity and authorizing her to act for MERS in their behalf.

Plaintiff alleges that **Deanna Lara has no such <u>MERS corporate resolution for herself</u>** authorizing her to execute assignment of this trust deed **in behalf of MERS** or DEUTSCHE BANK NATIONAL TRUST COMPANY, **and alleges she had no such authority to execute it.**

Further, after diligent search and inquiry Plaintiff has found no employee relationship of **Deanna Lara** to have existed with DEUTSCHE BANK NATIONAL TRUST COMPANY at the time the assignment was supposedly effective as of **August 29, 2013**) and alleges here that none existed.

For **Deanna Lara** to execute a valid legal assignment of this trust deed to NATIONSTAR MORTGAGE LLC she had to be **an officer of the party for whom MERS was acting a Nominee at that time:** DEUTSCHE BANK NATIONAL TRUST COMPANY...

And <u>**because she was not such an officer of**</u> DEUTSCHE BANK NATIONAL TRUST COMPANY and as such, **was not** authorized to make assignments of this trust deed **such invalid assignment further acts to void** and invalidate the chain of assignments all Defendants present claims rely on for the rights to foreclose **and any claim** as current alleged holder of rights to enforce this contract under these instruments which have not yet legally been assigned.

Which, for this reason, has invalidated not only the original assignment but all subsequent chain of assignments that have now led Defendants   again to be the current alleged holder of rights to enforce this contract which have never yet legally been assigned.

Further, as noted above, Plaintiff has received a letter from SELECT PORTFOLIO SERVICING INC of **December 23, 2013**, see exhibit SSO attached, **advising** him the lien holder on this account is **still DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI Asset Securitization Corporation Trust 2006-HE1** bringing this assignment into further question as to who owns the loan and in whose interests the foreclosure is.

Further, Pursuant to. 15 §1641. LIABILITY OF ASSIGNEES
**(d) Rights upon assignment of certain mortgages**
**(1) In general**
**Any person who purchases or is otherwise assigned a mortgage referred to in section 1602 (aa) of this title shall be subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage. Therefore Defendant must bear the consequences of their predecessors' actions as well as their own.**

Plaintiff has brought this suit under the *well established principle in law,* a party that has purchased the rights to enforce and receive the benefits of a contract or negotiable instrument as *if they were in the place of the original* lender, also must bear the consequences of any wrong doing, errors or breaches of contract committed by the *original lender or other parties involved in* making of the loan or any successor to the original lender from whom it received assignment and title to the contract . The denial of *this remedy to the Plaintiff* is not equitable and law does not allow such. With the rights and benefits of a contract come the liabilities of any of its faults to whomever is the *present owner* seeking to enforce it. The reality is that Defendant has recourse against the original perpetrators of these actions alleged from whom it was originally assigned to succeeding parties and any other mediaries who may be proven to be responsible for the wrong doing that caused its losses in having received a void and invalid loan assignment...

The facts surrounding these allegations not having been fully developed, Plaintiff here reserves the right to further plead facts and allegations in regard to this cause of action as may be found or learned during the course of additional investigation and discovery.

Plaintiff did not discover, either, the nature or the extent of this MISTAKEN AND ERRONEOUS REPRESENTATION perpetrated upon them by the Defendant until a date on or about January 2013.

As a proximate result of these actions in foreclosure in behalf of Defendants Plaintiff will be made to suffer loss thereby in the amount of the market value of *the property at the* time such spurious sale and Defendants **should be enjoined against such sale or ordered to make full reconveyance of said property to *Plaintiff or the Court* should restore and quiet title to the security and benefit of the Plaintiff if it has been sold to a third party by the time these issues are *adjudicated by the Court.***
**Plaintiff prays the Court for this relief and that it be so ordered.**

## SECOND CAUSE OF ACTION FOR QUIET TITLE
## AGAINST ALL DEFENDANTS

As a consequence of the above and aforementioned facts, Plaintiff is the rightful owner of the subject property per the Deed executed by the Grantor, granting the subject property to Plaintiff, and recorded in the official records of the County of Maricopa.

Plaintiff seeks to quiet title against the claims of Defendants as follows: Defendants hold themselves out as entitled to fee simple ownership of the subject property by and through non- judicial foreclosure, when, in fact, Plaintiff alleges on information and belief that Defendants have no right, title, interest or estate in the subject property, and no right to conduct a foreclosure sale as either beneficiary or trustee and Plaintiff's interest is adverse to Defendants' claims that they have a right to ownership and to conduct a sale of the subject property.

As a result of conflicting evidence related in previous counts above over who may be entitled to

enforce or release the lawful lien in place in this dispute there is a cloud on the title over who has right to enforce the lien. Even if the party allegedly holding the lien of record were willing to release their lien for payoff in a refinance, as a consequence of the above and foregoing facts, there is question whether they are the rightful holders of the lien. The fact there is controversy over this, causes a question to remain for any future buyer, and more importantly their lender, who must rely on such release as clearing title for their lien to go into place after their loan.

Such a situation makes Plaintiff's property uninsurable as to title even when it is restored to him as relief of this court, which any lender to a future buyer must have before they will make a loan. As a consequence of this, it is **unsellable at the real market price and Plaintiff would have to take less than the market would bring for properties that have normal clearable titles** and he is damaged by the amount Plaintiff can establish would be the difference between the price he can presently get and the fair market value of the property presently. This cloud on title is through no doing of Plaintiff's but is such that he cannot convey the property freely, which violates a key covenant within the deed

19

of trust and Plaintiff is due damages accordingly in amounts to be determined by the court.

**WHEREFORE,** Plaintiff having set forth the claims for relief against Defendants, respectfully prays that this Court grant the following relief against the Defendants:

1.      Actual Economic and Non-Economic Damages;

2.      For a declaration of the rights and duties of the parties relative to Plaintiff's Home to determine the actual status and validity of the loan, Deed of Trust, and Notice of Default.

3.      For a temporary restraining order, a preliminary injunction and permanent injunction enjoining all Defendants, their agents, assigns, and all person acting under, for, or in concert with them, from taking possession of or selling, offering, or advertising this property for sale, or transferring or conveying the property located at 7931 W. Pomo St. Phoenix Arizona while a question of title still exists in Superior Court.

4.      Restoration of title to Plaintiff;

5.      For damages as provided by statute;

6.      For punitive damages;

7.      For consequential and incidental damages of $1,000,000.00.

8.      For such other and further relief as the court may deem just and proper.

Araceli Gonzalez and Mario E Gonzalez
7931 W Pomo St.
Phoenix, Arizona [85043]
623-606-6974

Dated: January 31, 2014

_Araceli Gonzalez_                              _Mario E Gonzalez_

Araceli Gonzalez                                Mario E Gonzalez

Plaintiff                                       Plaintiff


## VERIFICATION

Araceli Gonzalez and Mario E Gonzalez, the Plaintiff in this proceeding, I have read the foregoing Complaint, I am informed and thereon believe and allege the matters stated in it are true, and of our knowledge. I declare under the penalty of perjury under the laws of the State of Arizona and the United States of America that the foregoing is true and correct.

Dated: 01-31-14   _Araceli Gonzalez_        _Mario E Gonzalez_

Araceli Gonzalez                Mario E Gonzalez

21

# Exhibit AM

First American Title

RECORDING REQUESTED BY:
RECONTRUST COMPANY
AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:
BAC Home Loans Servicing, LP
400 National way
SIMI VALLEY, CA  93065

OFFICIAL RECORDS OF

Unofficial
Document

*Exhibit  AM*

TS No. 09-0150135
TITLE ORDER#: 4275369

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## CORPORATION ASSIGNMENT OF DEED OF TRUST ARIZONA

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND
TRANSFERS TO:
 **BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING
LP**

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 06/23/2006,
EXECUTED BY:  ARACELI B GONZALEZ, A MARRIED WOMAN AS HER SOLE AND
SEPARATE PROPERTY,TRUSTOR: TO FIDELITY NATIONAL TITLE IND CO, TRUSTEE AND
RECORDED AS INSTRUMENT NO. 2006-0888899 ON 06/30/2006, IN BOOK N/A, PAGE N/A,
OF OFFICIAL RECORDS IN THE COUNTY RECORDER'S OFFICE OF MARICOPA COUNTY,
IN THE STATE OF ARIZONA.

**LOT 8, CORDOVA ESTATES, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE
OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED AS
BOOK 574 OF MAPS, PAGE 1.**

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE
MONEY DUE AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS
ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST/MORTGAGE.

DATED:  6/6/11

DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE ON BEHALF OF HSI ASSET
SECURITZATION CORPORATION TRUST
2006-HE1BY BAC HOME LOANS SERVICING, LP,
FKA COUNTRYWIDE HOME LOANS SERVICING
LP ITS GENERAL PARTNER, AS A.I.F. BY BAC GPLLC

BY: David M Gregory     Assistant Vice President

David M Gregory

State of: _____ Texas _____ )
County of: _____ Tarrant _____ )
On _____ 6/6/11 _____ before me _____ Darnell R. Dean _____, personally
appeared _____ David M Gregory  Assistant Vice President _____, know to me (or proved to me on the
oath of _____ or through _____ TXDC _____ ) to be the person whose name is subscribed
to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes
and consideration therein expressed.
Witness my hand and official seal.

Darnell R Dean

Notary Public's Signature

DARNELL R. DEAN
Notary Public, State of Texas
My Commission Expires
October 19, 2013

*Form azasgn (01/02)*

EXHIBIT AS3

Unofficial
20 Document

08
ro·

Recording Requested By:
Bank of America, N.A.
Prepared By: Anne-Marie Calderon
800-444-4302
When recorded mail to:
CoreLogic
Mail Stop: ASGN
1 CoreLogic Drive
Westlake, TX 76262-9823

DocID# 10014001373540224
Property Address:
7931 WEST POMO STREET
Phoenix, AZ 85043
A2004-ADT 26584372   8/29/2013   N880715

MIN #:   1000157-0006943229-8          This space for Recorder's use          MERS Phone #:   888-679-6377

## ASSIGNMENT OF DEED OF TRUST

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (herein "Assignor"),
whose address is P.O. Box 2026, Flint, MI 48501-2026, AS NOMINEE FOR AMERICA'S WHOLESALE
LENDER and its successors and assigns hereby assign and transfer to NATIONSTAR MORTGAGE, LLC
(herein "Assignee"), whose address is 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067, and its successors
and assigns all its right, title, and interest in and to a certain Deed Of Trust described below.

Original Lender:          **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE
                           FOR AMERICA'S WHOLESALE LENDER**
Borrower(s):              **ARACELI H GONZALEZ, A MARRIED WOMAN AS HER SOLE AND
                           SEPARATE PROPERTY**
Original Trustee:         **FIDELITY NATIONAL TITLE IND CO**
Date of Deed of Trust: 6/23/2006     Original Loan Amount: **$279,000.00**
Recorded in Maricopa County, AZ on: 6/30/2006, book N/A, page N/A and instrument number 2006-0888899

                                          MORTGAGE ELECTRONIC REGISTRATION
                                          SYSTEMS, INC., AS NOMINEE FOR AMERICA'S
                                          WHOLESALE LENDER

                                          By: _____

                                              Deanna Lara
                                              Assistant Secretary
                                          Date   AUG 2 9 2013

State of California
County of Los Angeles

On  AUG 2 9 2013   before me, _____ **Rhonda E. Kaley** _____, Notary Public, personally
appeared _____ Deanna Lara _____, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

                                                          ┌─────────────────────────────┐
                                                          │   RHONDA E. KALEY           │
            _Rhonda E. Kaley_                             │   Commission # 1863505      │
Notary Public: _____ Rhonda E. Kaley _____   (Seal)      │   Notary Public - California │
My Commission Expires: Sept. 29, 2013                    │   Los Angeles County        │
                                                          │   My Comm. Expires Sep 29, 2013 │
                                                          └─────────────────────────────┘



EXHIBIT TS

RECORDING REQUESTED BY:
RECONTRUST COMPANY, N.A.
7105 Corporate Drive, Mail Stop: TX2-973-03-19
Plano, TX 75024-9818
WHEN RECORDED MAIL TO:
SELECT PORTFOLIO SERVICING
3815 West Temple
Salt Lake City, UT 84115-4412
Attn: FORECLOSURE DEPT
TS No.: 09-0150135
Title Order No.: 4275369
APN No.: 104-32-204

Unofficial
20Document

13
Yo

## NOTICE OF TRUSTEE'S SALE ARIZONA

The following legally described trust property will be sold, pursuant to the power of sale under that certain Deed of Trust Recorded on 06/30/2006, as Instrument Number 2006-0888899, Book N/A, Page N/A, in the records of Maricopa County, Arizona, at public auction to the highest bidder: In the Courtyard, by the main entrance of the Superior Court Building, 201 West Jefferson, Phoenix, AZ 85003 on 03/13/2014 at 10:00 AM of said day.

LOT 8, CORDOVA ESTATES, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED AS BOOK 574 OF MAPS, PAGE 1. APN No. 104-32-204

The Deed of Trust and/or Beneficiary provide the following purported property location:
7931 WEST POMO STREET, PHOENIX, Maricopa County, AZ 85043

Said sale will be made for cash, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to pay the remaining principal sum of the note secured by said Deed of Trust, which includes interest thereon as provided in said note, advances, if any under the terms of said Deed of Trust, interest on advances, if any, fees, charges and expenses of the Trustee and of the trust created by said Deed of Trust. The original sum of the note is $279,000.00. Trustee will accept only cash or cashier's check for reinstatement or price bid payment. Reinstatement payment must be paid before five o'clock P.M on the last day other than a Saturday or legal holiday before the date of the sale. The Purchaser at the sale, other than the beneficiary to the extent of his credit bid, shall pay the price no later than five o'clock P.M. of the following day, other than a Saturday or legal holiday.

Name and Address of Original Trustor: ARACELI B GONZALEZ, 7931 WEST POMO STREET, PHOENIX, AZ 85043
Name and Address of Current Trustee: RECONTRUST COMPANY, N.A., 7105 Corporate Drive, Mail Stop: TX2-973-03-19 Plano, TX 75024-9818 FOR INFORMATION/SALE INFORMATION CALL: (800) 281-8219
Name and Address of Current Beneficiary: DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, ON BEHALF OF THE HSI ASSET SECURITIZATION CORPORATION TRUST 2006-HE1 TRUST FUND, 3815 West Temple, Salt Lake City, UT 84115-4412 PHONE: (888) 818-6032

RECONTRUST COMPANY, N.A. IS THE CURRENT TRUSTEE. RECONTRUST COMPANY, N.A. QUALIFIES AS A TRUSTEE OF THE TRUST DEED UNDER ARIZONA REVISED STATUTES SECTION 33-803, SUBSECTION A. 5., BECAUSE IT IS A NATIONAL ASSOCIATION REGULATED BY THE OFFICE OF THE COMPTROLLER OF THE CURRENCY("OCC").

AZNOS_2013.06.EP_06/2013

TS No.: 09-0150135
Title Order No.: 4275369

DATED: _12/11/2013_                         RECONTRUST COMPANY, N.A.
                                            As Trustee

State of: _____Texas_____ )            BY: _Tammy Thompson_  _12/11/2013_

County of: _____Tarrant_____ )          **Tammy Thompson**        **Assistant Vice President**

This instrument was acknowledged before me on **DEC 1 1 2013** by **Tammy Thompson** ,
___**Assistant Vice President**___ of RECONTRUST COMPANY, N.A., a national association, on behalf
of said national association.

Witness my hand and official seal.

_____
Notary Public's Signature

> **J. FLORES**
> Notary Public
> STATE OF TEXAS
> My Comm. Exp. 10-28-17

AZNOS_2013.06.EP_06/2013

# Exhibit 15-D

```
<DOCUMENT>
<TYPE>15-15D
<SEQUENCE>1
<FILENAME>has06he1_15-2006.txt
<TEXT>
```

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

FORM 15

Certification and Notice of Termination of Registration under Section
12(g) of the Securities Exchange Act of 1934 or Suspension of Duty to
File Reports under Sections 13 and 15(d) of the Securities Exchange Act
of 1934.

Commission File Number of issuing entity: 333-131607-08

HSI Asset Securitization Corporation Trust 2006-HE1
(Exact name of issuing entity as specified in its charter)

Commission File Number of depositor: 333-131607

HSI Asset Securitization Corporation
(Exact name of depositor as specified in its charter)

HSBC Bank USA, National Association
(Exact name of sponsor as specified in its charter)

   c/o Wells Fargo Bank, N.A.
   9062 Old Annapolis Road
   Columbia, MD 21045
   (410) 884-2000

   (Address, including zip code, and telephone number, including area code,
   of Registrant's principal executive offices)

  I-A

  II-A-1

II-A-2

II-A-3

II-A-4

II-A-5

M-1

M-10

M-2

M-3

M-4

M-5

M-6

M-7

M-8

M-9

P

X

R

(Title of each class of securities covered by this Form)

    None

(Titles of all other classes of securities for which a duty to file
reports under Section 13(a) or 15(d) remains)


Please place an X in the box(es) to designate the appropriate rule
provision(s) relied upon to terminate or suspend the duty to file reports:


    Rule 12g-4(a)(1)(i)              / /

    Rule 12g-4(a)(1)(ii)            / /

    Rule 12g-4(a)(2)(i)             / /

    Rule 12g-4(a)(2)(ii)           / /

    Rule 12h-3(b)(1)(i)            / /

Rule 12h-3(b)(1)(ii)          / /

Rule 12h-3(b)(2)(i)           / /

Rule 12h-3(b)(2)(ii)          / /

Rule 15d-6                    /X/


Approximate number of holders of record as of the certification or notice date:
                    Less than 300 Holders


Pursuant to the requirements of the Securities Exchange Act of 1934,

    HSI Asset Securitization Corporation Trust 2006-HE1

has caused this certification/notice to be signed on its behalf by the undersigned duly authorized person.


Date: January 26, 2007
By: /s/ Kelly Rentz
Kelly Rentz, Officer


Instruction: This form is required by Rules 12g-4, 12h-3 and 15d-6 of the General Rules and Regulations under the Securities Exchange Act of 1934. The Registrant shall file with the Commission three copies of Form 15, one of which shall be manually signed. It may be signed by an officer of the Registrant, by counsel or by any other duly authorized person. The name and title of the person signing the form shall be typed or printed under the signature.


</TEXT>
</DOCUMENT>

# Exhibit MS

*Exhibit -MS*

# SHOCKING REVELATION! J.P. Morgan Chase / LPS Produced a Fraudulent Assignment of Mortgage! Memorandum of Law of The United States Trustee in Support of Sanctions Against J.P. Morgan Chase Bank National Association

: . : :. : Corruption  Foreclosure Fraud . MERS  Mortgage Fraud  bankruptcy . cdo  cds . foreclosure  mortgage electronic registration system  securities fraud 2 Comments
: . 4closurefraud  appeal foreclosure. assignment, bankruptcy, carol asbury  cdo. cds. Charles Herndon  clouded title. conspiracy  criminal, Diana G. Adams. docx  fight the banks  foreclosure. Foreclosure Defense  Foreclosure Fraud  jp morgan, jpmorgan  JPMorgan Chase  livinglies  lps  Memorandum of Law. MERS. mortgage electronic registration system  produce the note  ROBERT E. GERBER. sanctions, Scott Walters  securities fraud  securitized. Silvia Nuer. wrongful foreclosure

# TO  THE  HONORABLE  ROBERT  E.  GERBER, UNITED STATES BANKRUPTCY JUDGE:

Diana G. Adams, the United States Trustee for the Southern District of New York (the "United States Trustee"), respectfully submits this memorandum of law in support of the request of Silvia Nuer (the "Debtor") for sanctions against J.P. Morgan Chase Bank, National Association ("Chase") in connection with Chase's Motion for Relief from Stay (the "Motion For Stay Relief") as servicer for Deutsche Bank National Trust Company ("Deutsche"), as Trustee for Long Beach Mortgage Trust 2006-2 ("Long Beach Trust"), with respect to a mortgage (the "Mortgage") as to property located at 1651 Metropolitan Avenue, 7C, Bronx, NY 10462 (the "Property").

## I. SUMMARY OF ARGUMENT

The United States Trustee supports the Debtor's request for sanctions. **Chase has filed documents that appear to be either** ............ **or** ............ **in connection with the Motion For Stay Relief.** In the Motion For Stay Relief, Chase took the position that it was acting only as the servicer of the Mortgage. Chase at the same time attached documents which supported a different position. Specifically, an ............ **showed that Chase held the Mortgage and was assigning that Mortgage to Deutsche.** Not only was the **assignment** ............., **but it was signed only a few days before Chase filed the Motion For Stay Relief.** The assignment was also **prepared several years** after the last actual assignment of the Mortgage. When afforded opportunities to correct this matter, Chase, through supplemental filings, continued to produce

documents that were **confusing and contradictory**, and presented an **affirmation submitted by a witness who apparently** has no direct or personal knowledge of the facts or the chain of ownership of the Mortgage. However, what is clear is that, whether created through inadvertence or a deliberate act, the assignments created by Chase in connection with the Motion For Stay Relief appear to be false or misleading.

**This** is not the first time **that Chase's conduct with regard to motions for relief from the stay has been questioned in a bankruptcy case**. Although Chase has recently taken remedial steps to address concerns expressed by courts in connection with other cases, based on Chase's past and current conduct, the United States Trustee supports the Debtor's request for sanctions in order to deter further conduct such as that seen in this case.



EXHIBIT SSO

 **SELECT SERVICING, inc.**

December 23, 2013

 ARACELI B GONZALEZ
7931 W POMO ST
PHOENIX, AZ 85043

**PLEASE READ THIS NOTICE CAREFULLY. TAKE ACTION TO AVOID THE LOSS OF YOUR PROPERTY.**

**NOTICE OF DEFAULT - RIGHT TO CURE**

RE:   Loan Number:  0014490429 secured by real property located at
7931 WEST POMO STREET
PHOENIX AZ 85043

Dear Customer(s),

Select Portfolio Servicing, Inc. (SPS) is sending this to you to provide information regarding the lien on the real property referenced above. Our records indicate that the mortgage loan related to the real property has been discharged in a Bankruptcy proceeding. Even though your personal liability on the note is discharged, the terms of the mortgage remain in effect. The owner of the mortgage, as lien holder, continues to have an enforceable lien on the real property. We are writing to you regarding account activity that may result in the lien holder exercising its rights under the mortgage. If the lien rights are enforced, you may lose your interest in the real property.

The mortgage on the above referenced property is in default as a result of a failure to make payments as required by the Deed of Trust or Mortgage (Security Instrument). We have previously sent you letters and communications regarding this default in an attempt to resolve this matter. This letter provides information about the default and what rights you have to cure the default. SPS services this account and has been instructed on behalf of the lien holder to pursue remedies under the Security Instrument unless you take action to cure the default before the Cure Date shown below. The lien holder on this account is Deutsche Bank National Trust Company, as Trustee, on behalf of the HSI Asset Securitization Corporation Trust 2006-HE1 Trust Fund (c/o SPS, P.O. Box 65250, Salt Lake City, Utah 84165).

This letter provides notice of the following:

**The Default**
Payments have not been made under the Security Instrument as shown below. This letter is a formal demand for payment.

**Action Required to Cure the Default**
To cure this default, the Amount Required to Cure together with payments which may subsequently become due, on or before the Cure Date listed below.



0000908400010001010200

*Amount Required to Cure the Default*
As of the date of this letter, the total amount due and required to satisfy the lien on the above referenced property and cure the default on the account is $159,162.80 (Amount Required to Cure) as itemized below:

| | | |
|---|---|---|
| Payment due for 12/01/2008 | $ | 156,259.56 |
| *Total amount due includes Escrow Payments (Taxes/Insurance) of $237.32* | | |
| Accrued Late Charges | | 0.00 |
| Advances made on Customer's behalf | | 2,903.24 |
| Escrow advance balance (Deficit) | | 0.00 |
| **Total Amount Outstanding** | $ | **159,162.80** |
| Unapplied balance | | 0.00 |

Additional payments may become due between the date of this letter and the Cure Date. If you wish to cure the default after those payments become due, they should be added to the Amount Required to Cure. You have thirty (30) days from the date of this notice to pay the Amount Required to Cure. This Cure Date is 01/22/2014. Fees and other charges may continue to be assessed to your account after the date of this letter pursuant to the terms of the Security Instrument. In addition, there may be other fees, escrow advances or corporate advances that SPS paid on your behalf or advanced to your account not itemized in this letter. While these amounts are not required to cure the payment default, these amounts are still owed. To obtain the amount required to bring the account current, please contact SPS at our toll free number (800) 635-9698. SPS is not waiving its right to demand payment of these amounts at a later date. SPS's acceptance of one or more payments for less than the Amount Required to Cure shall not be deemed a waiver of any rights under the Security Instrument.

*Possible Consequences of Default*
If SPS does not receive the Amount Required to Cure by the Cure Date, or if some loss mitigation alternative to foreclosure has not started, SPS may initiate foreclosure and require immediate payment in full of the entire outstanding unpaid amount on the account. In other words, SPS may accelerate all payments owing and sums secured by the Security Instrument. If that happens, you may lose your home. A foreclosure will result in the involuntary loss of the property via sale to the lien holder or another person may acquire the property by means of foreclosure and sale, and you may be evicted. Once foreclosure is initiated, additional amounts for legal fees and costs may be incurred. These sums can be significant. They may be added to amounts secured by the Security Instrument, and they may be required to be paid, to the extent permitted by law, if you wish to reinstate or satisfy the lien after foreclosure is initiated.

*Payment Options*
Please provide payments to the following address:

Sent via US Mail to:
**Select Portfolio Servicing, Inc.**
**PO BOX 65450**
**Salt Lake City, UT 84165**

Sent via overnight courier to:
**Select Portfolio Servicing, Inc.**
**Attn: Remittance Processing**
**3815 South West Temple**
**Salt Lake City, UT  84115-4412**

Payments may be submitted in the following forms:

    (a) Personal check
    (b) Money order
    (c) Bank wire (electronic funds transfer). Please contact SPS for the information necessary to complete a bank wire.
    (d) Certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency.
    (e) Western Union Quick Collect. Reference the account number above and deliver to Code City: Oswald, Code State: UT.

In some circumstances, you may be able to submit a payment through EZ Pay by calling (800) 258-8602 or visiting our website at **www.spservicing.com**. Please remember that EZ Pay payments clear quickly, and you must have the funds in your checking account on the day you ask us to process a payment. We will obtain your consent prior to initiating payment and will advise you of any fee for this service which may be up to $15.00.

**You Have Options to Avoid Foreclosure!**
SPS is committed to home retention and offers many customer assistance programs designed to help customers avoid foreclosure. These programs are offered at no cost to our customers and may include special payment arrangements, structured repayment plans, or modifications. SPS is a participant in the federal government's Making Home Affordable Program (MHA), *which is designed to help preserve home ownership or prevent foreclosure through modification, short sale, and deed-in-lieu options, if you are eligible.* Even if you are not eligible for an MHA program, you may be eligible for an SPS resolution program, which could include an SPS modification or settlement alternative.

If you would like to learn more about these programs, you should immediately contact an SPS representative at our toll-free number, (800) 635-9698, or visit our website at www.spservicing.com or visit the U.S. Treasury Department's website at www.makinghomeaffordable.gov. Our representatives are available by phone Monday through Thursday between the hours of 8 a.m. and 11 p.m., Friday from 8 a.m. to 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

**If we can reach an agreement to resolve the default, we will not proceed with and/or commence foreclosure, as long as you comply with the agreement and make required payments.**

**Counseling**
HUD approved home ownership counseling may be available to you. You should call (800) 569-4287 or TDD (800) 877-8339, or go to HUD's website at www.hud.gov to find the HUD-approved housing counseling agency nearest you. You may be eligible for assistance from the Homeownership Preservation Foundation, which may be reached at the Homeowner's HOPE™ Hotline at 888-995-HOPE™ (888-995-4673) *or at their website, www.995hope.org,* or you make seek help from another non-profit foreclosure avoidance agency.

**Additional Options Under the Servicemembers Civil Relief Act (SCRA)**
Active service members and veterans of the United States military may be entitled to certain interest rate and foreclosure protections under the SCRA. **If you are a member or veteran of the United States military, we encourage you to assert and protect your rights as a member or veteran of the armed forces of the United States. If you or your spouse is serving on active military duty, including active military duty of the National Guard or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to SPS immediately.** If you have questions regarding eligibility and application requirements, please call us at (800) 635-9698.

**Your Rights**
If you wish to dispute your delinquency or the amount required to Cure the Default, you may do so by providing written dispute to SPS at the following address:

Select Portfolio Servicing, Inc.
PO Box 65277
Salt Lake City, Utah 84165



You may call SPS at our toll free number (800) 258-8602 to discuss your dispute. However, to protect your rights under federal law, you will need to provide written notice to SPS if you believe that your dispute is unresolved.

If you meet the conditions to reinstate, as provided in the Security Instrument, you may reinstate your account even after foreclosure has been initiated but prior to sale. This means that once you have met the conditions, the enforcement of the Security Instrument will be stopped and your Security Instrument will remain, as if demand for payment in full had not been made. You will have this right at any time before the earliest of; (a) five days before sale of the property under any power of sale granted by the Security Instrument; (b) another period as applicable law might specify for the termination of your right to have enforcement of the lien stopped; or (c) a judgment has been entered enforcing your Security Instrument. SPS requires that you pay  reinstatement amounts in certified funds. Certified funds include a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect. Please contact SPS at (800) 635-9698 for instructions on submitting these funds. If you reinstate, the Security Instrument shall remain fully effective as if no foreclosure action had started.

You have the right to take legal action to defend a foreclosure if you claim that the account is not in default or if you believe that you have any other defense to the foreclosure.

**You have options to avoid foreclosure. THE TIME TO ACT IS NOW. Please call us at (800) 635-9698.**

Sincerely,

Select Portfolio Servicing, Inc.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, hágala traducir. Nuestros representantes bilingües están a su disposición  para contestar cualquier pregunta llamando al teléfono 1-800-831-0118 y marque la opción 2.**

**This information is intended for informational purposes only and is not considered an attempt to collect a debt.**

# Exhibit FD

*Exhibit F D*

## Mortgage Fraud

**Action Date: April 13, 2010**
**Location: Jacksonville, FL**

On April 12, 2010, *Lender Processing* Services closed the offices of its subsidiary, Docx, LLC, in Alpharetta, Georgia. That office was responsible for pumping out *over a million mortgage assignments in the last two years so that banks could foreclose on residential real estate*. The law firms handling the foreclosures were retained and largely controlled by Lender Processing Services, according to a Sanctions Order entered by U.S. Bankruptcy Judge Diane Weiss Sigmund (In re Niles C. Taylor, EDPA, Case 07-15385-sr, Doc. 193). Lender Processing Services, the largest "default management services company" in the country, has already made at least partial admissions that there were faults in the documents produced by the Docx office -- although courts and homeowners were never notified. According to Lender Processing Services, over 50 major banks use their default management services. The banks that especially need the services provided by Lender Processing Services include Deutsche Bank, Citibank, Wells Fargo and U.S. Bank, acting as trustees for mortgage-backed securitized trusts. **These trusts, in the rush to securitize mortgages and sell them to investors, often ignored the critical step of obtaining mortgage assignments from the original lenders to the securities companies to the trusts. Now, years later, when the companies "servicing" the trusts need to foreclose, they retain Lender Processing Services to draft the missing documents. The mortgage servicers, including American Home Mortgage Services, Saxon Mortgage Services, and American Servicing Company, never disclose that the trusts are missing essential documents -- they just rely on Lender Processing Services to "fix" the problems.**

Since the vast majority of homeowners *do not retain counsel* in foreclosure proceedings, this flawed system has worked very effectively for the last few years, with courts all over the country rarely questioning why so many mortgage companies had officers in Alpharetta, Georgia, or why Trusts that closed in 2005 and 2006 were just obtaining Mortgage Assignments in 2009 and 2010. Most courts never even questioned why companies long-dissolved, such as Option One, could still be executing documents years after the dissolution. While the closing of the Alpharetta office may be a sign that these fraudulent activities will finally be exposed and addressed, for the time being, it is just a matter of an unsatisfactory end of one small facet of an enormous and far-reaching problem.

## MORTGAGE ASSIGNMENTS AS EVIDENCE OF FRAUD

*Lynn Szymoniak, Esq., Editor, Fraud Digest, February 9, 2010*
(szymoniak@mac.com)

In the past ten years, hundreds of thousands of residential mortgages were bundled together (often in groups of about 5,000 mortgages), and investors were offered the opportunity to buy shares of each bundle. This process is called securitization.

Each such bundle of residential mortgages was given a name, such as "Soundview Home Loan Trust 2006 OPT-2." The name indicates information about the particular trust such as the year it was created (2006) and its contents (with OPT indicating that the loans in that particular trust were originally made by Option One Mortgage).

Each such bundle/trust has a Cut Off Date identified in the trust documents (specifically, in the Pooling and Servicing Agreement). The Cut Off Date is the date on which all mortgage loans in the trust must be identified. In short, a final list of all of the mortgages in the bundle is set out. Each trust also has a Closing Date which is the date that the individual mortgages are transferred to the Trust Custodian, who must certify that for each mortgage, the custodian has a mortgage note endorsed in blank and proof that the ownership of the note has been transferred. This proof is most often an Assignment of Mortgage. Most trusts included the following or equivalent language regarding the Assignments: "Assignments of the Mortgage Loans to the Trustee (or its nominee) will not be recorded in any jurisdiction, but will be delivered to the Trustee **in recordable form,** so that they can be recorded in the event recordation is necessary in connection with the servicing of a Mortgage Loan."

Title insurance companies issued policies guaranteeing that the trust had clear title to the mortgages.

When widespread defaults occurred, Trustees discovered that the laws regarding Mortgage Assignments varied significantly from state to state. Many issues regarding such Assignments were simply unresolved. One of the most significant issues was whether Mortgage Assignments could be back-dated or have retroactive effective dates. This issue arose because Trustees and their lawyers discovered in the foreclosure process that the Assignments could not actually be located, or that certain states did not allow blank Assignments.

To solve the problem of the missing Assignments, new Assignments were made and recorded. Because the question of retroactive Assignments had not been

resolved, most of these Assignments did not set forth the actual date that the Assignment took place.  The Assignments were signed and notarized as if the transfer took place many years after the actual transfer date.

The Assignments were prepared by specially selected law firms and companies that specialized in providing "mortgage default services" to banks and mortgage companies.  In jurisdictions with a high rate of mortgage defaults, over 80% of the filed Mortgage Assignments in the last three years were prepared and filed by the same five or six law firms and default processing companies.

In many states, two such Assignments were prepared and filed. The first was prepared in the name of Mortgage Electronic Registration Systems as "nominee" for the particular bank or mortgage company. When MERS authority to file foreclosures and Assignments was challenged in most jurisdictions, with varying results, a non-MERS Assignment was prepared as well.

In all of these cases, the Assignment was prepared to conceal the actual date that the property was acquired by the Trust.  An examination of the Assignments filed showing the grantee as the Trust – such as "Soundview Home Loan Trust 2006 – OPT 2" – shows that most of these Assignments were prepared and filed in 2008 and 2009, when, in reality, the mortgages and notes were actually assigned – albeit defectively - prior to the closing date of the Trust.  While the exact closing date can only be determined by looking at the trust documents, any Trust that includes the year in 2006 in its title most likely closed in 2006.

**If a Mortgage Assignment is dated, notarized and filed in a year after the year set forth in the name of the grantee trust on the Assignment, it is actually an Assignment specially, and in many cases, fraudulently, made to facilitate foreclosures.**

These Specially-Made Assignments have created havoc in the courts.  In many cases, the Specially-made Assignments are dated *AFTER* the foreclosure action has been initiated, making it appear that the Trust somehow magically knew prior to the assignment that it would acquire the defaulting property several months after the foreclosure action was initiated.

Repeatedly, courts have asked Trustees to explain why they were acquiring non-performing loans and whether such acquisition was a violation of the trustee's fiduciary duty to the Trust.  No Trustee has ever come forth and explained that the Trust actually acquired the loan years before the Assignment.  As a result, there are many decisions with observations similar to this observation made by Judge Arthur M. Schack of Kings County, New York, in *HSBC Bank v. Valentin*, 21 Misc. 3d 1124 [A]:

2

Further, according to plaintiff's application, the default of defendants Valentin and Ruiz began with the nonpayment of principal and interest due on January 1, 2007. Yet, four months later, plaintiff HSBC was willing to take an assignment of the instant nonperforming loan. The Court wonders why HSBC would purchase a nonperforming loan, four months in arrears?

And in *Deutsche Bank National Trust Co. v. Harris*, Judge Arthur M. SCHACK, Kings, New York, Index No. 39192/2007 (05 FEB 2008):

Further, the Court requires an explanation from an officer of plaintiff DEUTSCHE BANK as to why, in the middle of our national sub-prime mortgage financial crisis, DEUTSCHE BANK would purchase a non-performing loan from INDYMAC...

In Massachusetts in October, 2009, Land Court Judge Keith Long reaffirmed a March, 2009, ruling that a lender cannot begin foreclosure proceedings before the lender has filed and recorded the Assignment, stating:

The blank mortgage assignments they possessed transferred nothing...in Massachusetts, a mortgage is a conveyance of land. Nothing is conveyed unless and until it is *validly* conveyed. The various agreements between the securitization entities stating that each had a right to an assignment of the mortgage are *not themselves* an assignment and they are certainly not in recordable form. *U.S. Bank National Association v. Ibanez*, Massachusetts Land Court Misc. Case No. 384283, consolidated with two other cases.

Many authors expect the Massachusetts Supreme Court to reverse the *Ibanez* decision, but the uncertainty itself, as in the case of the MERS challenges, caused lenders to flood recording offices with new Assignments.

In cases where the Trust failed to get a valid Assignment, the problem is complicated by the bankruptcy of the major loan originators, including American Home Mortgage, Option One Mortgage, and Countrywide Home Loans.

When these big mortgage companies filed for bankruptcy, they did not disclose the mortgages already sold to the trusts as assets, because the transfers occurred months and years prior to the bankruptcy filing. Years later, when the Assignments were required for foreclosures, a bankruptcy court's permission was needed to Assign billions of dollars in mortgages. Most likely in fear that a Bankruptcy Judge would not rubber stamp such a request, no such permission has ever been sought.

In lieu of valid Assignments, Trusts continue to rely on Assignments specially made by their own law firms and mortgage default service companies. Eventually, these fraudulent Assignments are being discovered by Courts, and the foreclosing trusts required to prove that they own the Mortgage and Note in the foreclosure action without reliance on Assignments that misrepresent the date of the actual transfer to the Trust the authority of the signers of the bankrupt original lenders.  For thousands of homeowners, this realization has come too late.

Aside from the law firms and mortgage servicing companies that fraudulently produced Assignments, the entities at greatest risk that the fraudulent Assignments scheme will be exposed are the Title Companies that guaranteed the clear and correct transfer of ownership to the Trusts.  Also at risk are the trust creators themselves and the Trustees.  Both groups of entities have been on notice for several years that the faulty Assignments were likely to jeopardize the Trusts' claims to ownership and ability to foreclose in the event of default, yet have failed to disclose this critical information to trust shareholders and to the SEC.

4

# Exhibit AR

Exhibit-AR

STATE OF NEW YORK
SUPREME COURT COUNTY OF QUEENS      INDEX NO.: 13XXX/2009

DEUTSCHE BANK NATIONAL
TRUST COMPANY AS TRUSTEE
FOR AMERICAN HOME MORTGAGE
ASSETS TRUST 2006-5, et al.,

                      Plaintiff,

vs.

PXXXXXX DXXXXX, et al.,
                 Defendants,

## AFFIDAVIT OF LYNN E. SZYMONIAK, ESQ., AS
## DEFENDANTS' EXPERT

STATE OF NEW YORK

COUNTY OF NASSAU

LYNN E. SZYMONIAK, Esq., having been duly sworn, does state the following:

1. I am an adult citizen of the United States, and have resided in Palm Beach County, Florida since 1979.

2. I am an attorney and was admitted to the Florida Bar in 1980.

3. For the past twenty years, my practice has primarily in cases involving white-collar crime allegations, particularly, in representing major insurance companies in claims that they have been defrauded by large policyholders.

4. In the last ten years, I have also served as an expert witness in civil and criminal cases. In criminal cases, I have served as an expert witness for the United States of America and the State of California. I have testified at trial in two federal court cases in Jacksonville, Florida, where the allegations involved false and fabricated documents including fabricated insurance policies and certificates of insurance. The two cases were United States v. Thomas King, Case No. 3:05-cr-52-J-99MMH, Middle District of Florida, Jacksonville Division and United States v. Donald Touchet, et al., Case No. 3:2007cr00090, Middle District of Florida, Jacksonville Division. The Eleventh Circuit Court of Appeals approved of my designation as an expert and the admission of my testimony in U.S. v. Jennings, Case No. 08-13434, (C.A. 11, Mar. 16, 2010). I also submitted an expert opinion for the government in a New York Northern District federal case that ended in a guilty plea: United States v. James Kernan, Case No. 5:2008cr00061. I have also submitted an expert opinion in a criminal case currently pending in the Middle District of Florida and in a state case currently pending in California, both involving fraudulent insurance documents.

5. I was formerly a Certified Fraud Examiner, and have had nine hours training by the National Association of Certified Fraud Examiners in identifying forged and fabricated documents, in a course taught by retired agents of the FBI. I have also written several articles on mortgage fraud, including "An Officer of Too Many Banks" and "Mortgage Assignments As Evidence of Fraud" and have lectured on fraudulent documents used in foreclosure actions.

6. I have examined a copy of the Assignment of Mortgage in the foreclosure action presently before this Court, a copy of which is attached hereto. In the upper left-hand corner of this document, the following statement appears:
Document Prepared By:
Ron Meharg  888-362-9638

2

When Recorded Return To:
DOCX
1111 Alderman Dr.
Suite 350
Alpharetta, GA  30005

7. I have examined 1200 other Mortgage Assignments also bearing the same information as described directly above, indicating that the Assignments were prepared by a company operating as "DOCX" in Alpharetta, GA.  I obtained copies of most of these Assignments by accessing them through Official Records online services of counties in Florida and Massachusetts. I have also examined such Assignments from New York, Arizona, California, Illinois, New York and other states. I have spent over 200 hours examining these documents and comparing the signatures and job titles thereon.

8. On at least 200 of these Docx-prepared Assignments, the signatures of Korell Harp and Tywanna Thomas appear, as officers of various lending institutions or related mortgage-servicing companies, as they do in the Mortgage Assignment in the instant case.  I personally called the offices of Docx, LLC in Alpharetta, Georgia and confirmed that Harp and Thomas were actually employed in clerical positions at Docx and were not officers of MERS or any other bank or mortgage company, despite their representations on recorded documents.

9. Although the Harp and Thomas signatures on most of these documents were witnessed and notarized, I have concluded the following:

    a) Korell Harp and Tywanna Thomas used a variety of conflicting job titles on Assignments of Mortgages in 2008 and 2009, holding themselves out to be officers of numerous different banks and mortgage-related entities, often using numerous conflicting titles in the same week. **Harp has claimed to be the following in 2008 and 2009:**

3

Vice President, American Brokers Conduit;

Vice President, American Home Mortgage Acceptance, Inc.;

Vice President, American Home Mortgage Servicing, Inc.;

Vice President, American Home Mortgage Servicing, Inc. as successor-in-interest to Option One Mortgage Corporation;

Vice President & Asst. Secretary, Argent Mortgage Company, LLC by Citi Residential Lending, Inc., as Attorney in Fact;

Vice President, J.S. Shirk and Associates, Inc. by American Home Mortgage Servicing, Inc., as Attorney-In-Fact;

Vice President, Mortgage Electronic Registration Systems, Inc.;

Vice President, Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit;

Vice President, Mortgage Electronic Registration Systems, Inc., as nominee for American Home Mortgage Acceptance, Inc.;

Vice President, Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for HLB Mortgage; and

Vice President, Sand Canyon Corporation, f/k/a Option One Mortgage.

**Thomas has claimed to be the following in 2008 and 2009:**

Asst. Vice President, American Home Mortgage;

Asst. Vice President, American Home Mortgage Acceptance, Inc.;

Asst. Vice President, American Home Mortgage Servicing, Inc.;

Vice President & Asst. Secretary, American Home Mortgage Servicing, Inc., as servicer for Ameriquest Mortgage Company;

Vice President & Asst. Secretary, American Home Mortgage Servicing, Inc., as servicer for Argent Mortgage Company, LLC;

Asst. Vice President, American Home Mortgage Servicing, Inc. as successor-in-interest to Option One Mortgage Corporation;

4

Vice President & Asst. Secretary, Argent Mortgage Corporation, LLC by Citi Residential Lending, Inc., as Attorney in Fact;

Asst. Vice President, Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-2 Mortgage-Backed Notes, Series 2005-2 by American Home Mortgage Servicing, Inc, as Attorney-in-Fact;

Vice President & Asst. Secretary, Inc., as servicer for Deutsche Bank National Trust Company, as trustee for, Ameriquest Mortgage Securities, Inc., asset-backed pass-through certificates, series 2004-R7, under the pooling and servicing agreement dated July 1, 2004;

Asst. Secretary, Mortgage Electronic Registration Systems, Inc.;

Asst. Secretary, Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit;

Asst. Secretary, Mortgage Electronic Registration Systems, Inc., acting solely as nominee for American Home Mortgage;

Asst. Secretary, Mortgage Electronic Registration Systems, Inc., as nominee for American Home Mortgage Acceptance, Inc.;

Asst. Vice President, Mortgage Electronic Registration Systems, Inc., as nominee for Family Lending Services, Inc.;

Asst. Secretary, Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for HLB Mortgage;

Asst. Vice President, Mortgage Electronic Registration Systems, Inc., as nominee for Homestar Mortgage Lending Corp.;

Asst. Vice President, Mortgage Electronic Registration Systems, Inc., A Separate Corporation that is acting solely as Nominee for Lender and Lender's successors and assigns [Beckman Mortgage Corporation];

Asst. Vice President, Nationwide Home Loans, Inc, by American Home Mortgage Servicing, Inc., as Attorney-In-Fact;

Asst. Vice President, Option One Mortgage Corporation;

Asst. Vice President, Sand Canyon Corporation f/k/a Option One

5

Mortgage Corporation; and

Asst. Vice President, Wells Fargo Bank, N.A., as Trustee for First
Franklin Mortgage Loan Trust 2002-FF1, Asset-Backed Certs., Series
2002-FF1.

b) The signatures of Korell Harp and Tywanna Thomas vary significantly
on the Mortgage Assignments, making it very unlikely that the same
person signed these documents, despite the information in the notary's
statement. Some of the many variations appear on the Assignments
attached hereto, and illustrate the significantly different signatures of Harp
and Thomas appearing on these Assignments that support my conclusion
that these signatures and job titles are forgeries and fabrications.

10. Based on the above conclusions, I reported this concern over the DOCX
Assignments to the State Attorney in Palm Beach County, to Florida Treasurer
Alex Sink, to the Florida Attorney General, to the U.S. Justice Department, to the
FDIC, to Phil Angelides, the Chairman of the Financial Crisis Inquiry Commission
and others.

11. I am also familiar with the mortgage securitization process and I have written
several articles regarding mortgage securitization.  The trust referenced on the
Assignment in this case would have had a closing date or cut-off date, the final
date when properties could have been added to the trust under the terms of the
Pooling and Servicing Agreement that governed the trust, in 2006.  Because this
Assignment purports that the effective date of the Assignment to the trust was
May 12, 2009, I have further concluded that the information on this assignment is
false.

12. In my review of the Docx-prepared Assignments, I have found at least 12
Assignments where the Grantor or Grantee is listed as "Bogus Assignee for
Intervening Assts."  I have also found two Assignments where the Grantor or

6

Grantee is listed as "A Bad Bene." I have also found at least 12 Assignments where the effective date in listed as 9/9/9999. I have also found numerous assignments where MERS is listed as the original lender, when I know that MERS never acted as a lender. I have also found many Assignments where the original loan amount is listed as $0.00 or $0.01. Based on all of the above, I have concluded that Assignments prepared by Docx, including the Assignment in the present case, contain forged, false and fabricated information.

**FURTHER AFFIANT SAYETH NOT.**

---

**LYNN E. SZYMONIAK, ESQ.**
szymoniak@mac.com
The Szymoniak Firm, P.A.
The Metropolitan, PH2-05
403 S. Sapodilla Ave
West Palm Beach, FL  33401

AN ATTORNEY, NOT LICENSED TO
PRACTICE IN NEW YORK

COUNTY OF NASSAU
STATE OF NEW YORK

Before Me, the undersigned authority, on this ____ day of March, 2010, personally appeared LYNN E. SZYMONIAK, identified to me to be the person whose name is subscribed to the foregoing Affidavit, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I here unto set my hand and official seal.

---

7

# Exhibit AM 1

**First American Title**

RECORDING REQUESTED BY:
RECONTRUST COMPANY
AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:
BAC Home Loans Servicing, LP
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA  93065

OFFICIAL RECORDS OF
Unofficial
Document

*Exhibit AM-1*

TS No. 09-0150135
TITLE ORDER#: 4275369

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## CORPORATION ASSIGNMENT OF DEED OF TRUST ARIZONA

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND
TRANSFERS TO:
   DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HSI
        ASSET SECURITIZATION CORPORATION TRUST 2006-HE1

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 06/23/2006,
EXECUTED BY:  ARACELI B GONZALEZ, A MARRIED WOMAN AS HER SOLE AND
SEPARATE PROPERTY, TRUSTOR: TO FIDELITY NATIONAL TITLE IND CO, TRUSTEE AND
RECORDED AS INSTRUMENT NO. 2006-0888899 ON 06/30/2006, IN BOOK N/A, PAGE N/A,
OF OFFICIAL RECORDS IN THE COUNTY RECORDER'S OFFICE OF MARICOPA COUNTY,
IN THE STATE OF ARIZONA.

**LOT 8, CORDOVA ESTATES, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE
OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED AS
BOOK 574 OF MAPS, PAGE 1.**

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE
MONEY DUE AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS
ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST/MORTGAGE.

DATED: 10/05/2009

State of: Texas                     )
County of: Tarrant                  )

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

BY:

<u>Robert   White</u>, Assistant Secretary

On 10/05/2009          before me Gaye Burch           , personally
appeared   Robert   White                              , know to me (or proved to me on the
oath of _____ or through _____) to be the person whose name is subscribed
to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes
and consideration therein expressed.
Witness my hand and official seal.



Notary Public's Signature

GAY E. BURCH
Notary Public, State of Texas
My Commission Expires
November 26, 2011

*Form azasgn (01/02)*

EXHIBIT MH



# MERS Certifying Officers & the Corporate Resolution Management System

Richard Anderson

Jay Arneja



**Process Loans, Not Paperwork**℠

# MERS Corporate Resolution

- Introduction
- Purpose of resolution
- Usage and authority
- Corporate resolution vs. power of attorney




# Sample Corporate Resolution

Be it Resolved that the attached list of candidates are officers of <insert name of company> a Member of Mortgage Electronic Registration Systems, Inc. (MERS), and are hereby appointed as assistant secretaries and vice presidents of MERS, and, as such, are authorized to:

**Must be officer of your company**

(1) release the lien of any mortgage loan registered on the MERS System that is shown to be registered to the Member;

(2) assign the lien of any mortgage loan naming MERS as the mortgagee when the Member is also the current promissory note-holder, or if the mortgage loan is registered on the MERS System, is shown to be registered to the Member;

**Limitation: may only execute documents for loans registered to your company**

(3) execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to the Member, including but not limited to (a) substitution of trustee on Deeds of Trust, (b) Trustee's Deeds upon sale on behalf of MERS, (c) Affidavits of Non-military Status, (d) Affidavits of Judgment, (e) Affidavits of Debt, (f) quitclaim deeds, (g) Affidavits regarding lost promissory notes, and (h) endorsements of promissory notes to VA or HUD on behalf of MERS as a required part of the claims process;

(4) take any and all actions and execute all documents necessary to protect the interest of the Member, the beneficial owner of such mortgage loan, or MERS in any bankruptcy proceeding regarding a loan registered on the MERS System that is shown to be registered to the Member, including but not limited to: (a) executing Proofs of Claim and Affidavits of Movant under 11 U.S.C. Sec. 501-502, Bankruptcy Rule 3001-3003, and applicable local bankruptcy rules, (b) entering a Notice of Appearance, (c) vote for a trustee of the estate of the debtor, (d) vote for a committee of creditors, (e) attend the meeting of creditors of the debtor, or any adjournment thereof, and vote on behalf of the Member, the beneficial owner of such mortgage loan, or MERS, on any question that may be lawfully submitted before creditors in such a meeting, (f) complete, execute, and return a ballot accepting or rejecting a plan, and (g) execute reaffirmation agreements;

**Para. 3 thru 7 break out specific types of documents a MERS officer may execute**





# Sample Corporate Resolution (cont.)

(5) take any and all actions and execute all documents necessary to refinance, subordinate, amend or modify any mortgage loan registered on the MERS System that is shown to be registered to the Member.

(6) endorse checks made payable to Mortgage Electronic Registration Systems, Inc. to the Member that are received by the Member for payment on any mortgage loan registered on the MERS System that is shown to be registered to the Member;

(7) take any such actions and execute such documents as may be necessary to fulfill the Member's servicing obligations to the beneficial owner of such mortgage loan (including mortgage loans that are removed from the MERS System as a result of the transfer thereof to a non-member of MERS).

I, William C. Hultman, being the Corporate Secretary of Mortgage Electronic Registration Systems, Inc., hereby certify that the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of said corporation effective as of the **<insert day> day of <insert month>, 2009** which is in full force and effect on this date and does not conflict with the Certificate of Incorporation or By-Laws of said corporation.

Broad Authority

_____

William C. Hultman, Secretary





# MERS Certifying Officer

- Role and responsibilities
- Eligibility
  - Membership Rule 3
  - Certification required




# Corporate Resolution Management System (CRMS) & Certification Process

- When: April 19, 2010
- Who: members that have or will have an active MERS Corporate Resolution
- What: web-based application to facilitate the processing of member requests for a MERS Corporate Resolution and updates to their MERS certifying officers list




# Project Managers

- Administrative access is granted to MERS project manager for each member
  - Request a new corporate resolution
  - Request updates to MERS certifying officer list
  - Update contact information for certifying officers
  - Order MERS corporate seals




# Certifying Officers

- Certification access to certifying officers
  - Review *MERS Certifying Officer Primer*
  - Take certification quiz
  - Renew certification yearly
  - Special announcements





# Certification

- Review primer and take certification quiz
  - Information on roles and responsibilities of certifying officers
  - Ensures basic understanding of MERS
  - Quiz consists of 10 randomly selected questions
  - Must answer eight out of 10 questions correctly to pass
  - Renew annually





# Sample Certification Q & A's

- What title should a MERS certifying officer use when executing documents as an officer of MERS?
- Where is MERS incorporated?
- True or false: A MERS certifying officer has authority to accept service of process on behalf of MERS.





# CRMS: A Web-Based Application

- Simple, user-friendly method to maintain your certifying officer list
- Email notification to project manager with logon credentials to access CRMS
- Leads to centralized management by project manager





# Login Page

**MERS**

## Corporate Resolution Management System

User Name:

Password:

Forgot your password?

Log in credentials provided via email.

# Profile Page For Project Manager



# Manage Certifying Officers



# Edit Certifying Officer

Edit Certifying Officer profile, Remove them from a Corporate Resolution, or resend their credentials.



# Sample Test Question

# Certification



Q & A



# Sample Question

- Where is MERS incorporated?

  a. California

  b. Delaware

  c. Michigan

  d. Virginia

# Answer

- Where is MERS incorporated?

  a. California

  **b.** Delaware

  c. Michigan

  d. Virginia



# Sample Question

- True or False: MERS assignments should also reference a transfer of the corresponding promissory note (e.g., ". . . together with Note or other evidence of indebtedness . . .")




# Answer

- True or **False**: MERS assignments should also reference a transfer of the corresponding promissory note (e.g., ". . . together with Note or other evidence of indebtedness . . .")




# Sample Question

- When is a MERS Certifying Officer's authority to execute a MERS document terminated?

  a. Member resigns its membership;

  b. Officer is no longer employed by Member organization;

  c. Member organization no longer has an interest in the loan;

  d. Upon notice from MERS Corporate;

  e. All of the above.





# Answer

- When is a MERS Certifying Officer's authority to execute a MERS document terminated?
  a.   Member resigns its membership;
  b.   Officer is no longer employed by Member organization;
  c.   Member organization no longer has an interest in the loan;
  d.   Upon notice from MERS Corporate;
  e.   **All of the above.**




# Sample Question

- Which of the following is not a method in which MERS accepts service of process?

  a. Service delivered to MERS' corporate office in VA;

  b. Service delivered to MERS' P.O. Box in Flint, MI;

  c. Service delivered to a MERS Certifying Officer;

  d. Service delivered to a MERS Registered Agent.




# Answer

- Which of the following is not a method in which MERS accepts service of process?
  a. Service delivered to MERS' corporate office in VA;
  b. Service delivered to MERS' P.O. Box in Flint, MI;
  c. **Service delivered to a MERS Certifying Officer;**
  d. Service delivered to a MERS Registered Agent.




# Sample Question

- True or False: Mortgage rights are electronically assigned on the MERS® System





# Answer

- True or **False**: Mortgage rights are electronically assigned on the MERS® System





# Sample Question

- True or False: MERS I-Registration is an information only registration of a loan; MERS is not a party to the mortgage loan.




# Answer

- **True** or False: MERS I-Registration is an information only registration of a loan; MERS is not a party to the mortgage loan.





# EXHIBIT B

1   Robert W. Shely, (No. 014261)
    Shayna N. Fernandez, (No. 027342)
2   BRYAN CAVE LLP, #00145700
    Two North Central Avenue, Suite 2200
3   Phoenix, AZ  85004-4406
    Telephone:   (602) 364-7000
4   Facsimile:   (602) 364-7070
    E-Mail:       rwshely@bryancave.com
5   E-Mail:       shayna.fernandez@bryancave.com

6
    Attorneys for Defendants ReconTrust Company, N.A and
7   Deutsche Bank National Trust Company, as Trustee on
    Behalf of HSI Asset Securitization Corporation Trust 2006-HE1
8

9            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10              IN AND FOR THE COUNTY OF MARICOPA

11  Araceli Gonzalez and Mario E. Gonzalez,        No. CV2014-002551

12              Plaintiffs,
                                                   NOTICE OF REMOVAL
13          v.

14  DEUTSCHE BANK NATIONAL TRUST
    COMPANY, AS TRUSTEE ON BEHALF OF
15   HSI Asset Securitization Corporation Trust
    2006-HE1,
16
    NATIONSTAR MORTGAGE LLC; and all
17  Other Current true parties in interest as may
    Be Determined;
18
    RECONSTRUCT COMPANY NA;
19
    SELECT PORTFOLIO SERVICING INC;.
20
                Defendants.
21

22
23      TO PLAINTIFFS ARACELI GONZALEZ AND MARIO E. GONZALEZ:

24      PLEASE TAKE NOTICE that Defendants ReconTrust Company, N.A (incorrectly

    named as Reconstruct Company NA.), and Deutsche Bank National Trust Company, as
25
    Trustee on Behalf of HSI Asset Securitization Corporation Trust 2006-HE1 (hereinafter
26
    "Deutsche Bank") ( collectively "Defendants")  filed a Notice of Removal of this action in
27
    the United States District Court for the District of Arizona on March 6, 2014.  A copy of
28

PX01DOCS\755091.1

1  the Notice of Removal (without exhibits) is attached to this Notice as Exhibit A and is

2  served contemporaneously herewith.

3         DATED this 6th day of March, 2014.

4                    BRYAN CAVE LLP

5

6                  By    /s/ Shayna N. Fernandez         

7                    Robert W. Shely

8                    Shayna N. Fernandez

                  Two N. Central Avenue, Suite 2200

9                    Phoenix, AZ  85004-4406

10                    Attorneys for Attorneys for Defendants

11                    ReconTrust Company, N.A and

                  Deutsche Bank National Trust Company, as

12                    Trustee on Behalf of HSI Asset Securitization

                  Corporation Trust 2006-HE1

13

14  Filed electronically filed with the Clerk of
   the Court this 6th day of March, 2014.

15

16  COPY of the foregoing mailed this 6th day
   of March, 2014 to:

17

18  Araceli Gonzalez and Mario E Gonzalez
   7931 W Pomo St.

19  Phoenix, Arizona 85043
   Plaintiffs Pro Per

20

21    /s/ Lisa Remus            

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, AZ 85004-4406
TELEPHONE: (602) 364-7000